IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 1411 K St. NW, Suite 1300 Washington, D.C. 20005, *Plaintiff*, v. U.S. DEPARTMENT OF AGRICULTURE, 1400 Independence Avenue, SW Washington, D.C. 20250, *Defendant.* | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** Case No: 26-cv-02186 |

## INTRODUCTION

1.      The Center for Biological Diversity ("Center") brings this action to compel the United States Department of Agriculture ("USDA") to disclose records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2.      The requested records relate to Executive Order No. 14387, *Promoting the National Defense by Ensuring an Adequate Supply of Elemental Phosphorus and Glyphosate-Based Herbicides* ("the Order"), which delegated certain presidential authorities under the Defense Production Act to the Secretary of Agriculture to facilitate the production of glyphosate-based herbicides and their precursor, elemental phosphorus, including by requiring performance of contracts or orders over performance of any other contracts or orders and allocating materials, services, and facilities as deemed necessary or appropriate by USDA. 91 Fed. Reg. 8,703 (Feb. 18, 2026).

1

3.      The Order also sought to confer immunity from liability to producers of elemental phosphorus and glyphosate-based herbicides for actions taken to comply with the Order. *Id.*

4.      The Center's February 26, 2026, FOIA request sought records necessary to understand how the Order was developed and how USDA understands its role in implementing the Order's directive to boost glyphosate and elemental phosphorus production.

5.      These records are subject to FOIA and are time-sensitive given the Order's directive to expedite domestic elemental phosphorus mining and glyphosate production while immunizing producers from liability for potential violations of environmental laws or other legal requirements resulting from their compliance with the Order.

6.      The Center and its members are deeply interested in, and affected by, how USDA's development and planned implementation of the Order may impact the Center's longstanding efforts to protect the environment, endangered and threatened species, and public access to safe and sustainably grown food. This information will alter the Center's advocacy strategies for the adoption of safe and sustainable agricultural production practices in furtherance of its longstanding conservation and extinction prevention efforts.

7.      Prompt access to these records is necessary to realize FOIA's purpose of transparency in government operations. FOIA establishes clear deadlines and requirements for FOIA responses. As discussed further below, Defendant is in violation of these statutory duties.

8.      Accordingly, the Center seeks (1) declaratory relief establishing that USDA has violated FOIA; and (2) injunctive relief ordering USDA to make an immediate determination on the Center's FOIA request and promptly release all requested records and information, including all reasonably segregable portions of any lawfully exempt records, by a date certain.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA. Venue vests in this Court under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because the responsive records may be found in this district.

10.      This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 706; authority to grant the requested injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202; and otherwise provide relief using the court's equitable powers.

**PARTIES**

11.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("Center") is a nonprofit organization with offices and staff throughout the United States. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; healthy communities; and sustainable conservation practices. The Center has more than 101,600 active members throughout the United States and the world.

12.      The Center is the requester of the information and records at issue. The organization and its members are harmed by USDA's failure to disclose the requested information and records that are responsive to the Center's FOIA requests. These violations of law injure the Center by preventing the Center from understanding how the current administration's policies will affect the Center's longstanding campaign to reduce the nation's reliance on unsafe and unsustainable agricultural practices that undermine the Center's conservation and extinction prevention efforts.

13.     This information and the Center's subsequent analyses of it will help to inform and prioritize the Center's organizational mission, including by helping the Center make critical choices about where to direct resources and develop alternate strategies. The Center will also share the requested information with its members and with the public in general to inform them about the actions that are being taken pursuant to the Order to accelerate elemental phosphorus mining and glyphosate production. The requested records and information will also be used to inform Congressional representatives and their staffs about such actions in their districts.

14.     This injury will be redressed if the Court orders USDA to disclose all requested records.

15.     Defendant US DEPARTMENT OF AGRICULTURE ("USDA") is a federal agency that is responsible for overseeing farm programs, subsidies, and grants, conducting research into farming practices and educating farmers and their communities, and protecting the public from unsafe food. USDA is a federal governmental agency within the meaning of FOIA and is in possession and control of records responsive to the Center's FOIA request. As such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request.

### STATUTORY BACKGROUND

16.     FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access all federal agency records, 5 U.S.C. § 552(a), unless one or more narrow statutory exemptions apply, id. § 552(b).

17.     Recognizing that the timely disclosure of requested records is essential to fulfilling its purpose, FOIA imposes strict and rigorous deadlines for agencies to respond to

FOIA requests for specific information. Within twenty business days of receiving a request, an agency must (1) determine if it will release the requested records, and (2) notify the requester of (a) its determination and reasons for it, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the right to appeal an adverse determination. *Id.* § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

18.     FOIA provides only limited circumstances under which a federal agency may take longer than twenty business days to make a determination. First, the agency may toll the twenty-business-day deadline for up to ten additional business days while the agency is waiting for information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the twenty-business-day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. *Id.* § 552(a)(6)(A)(ii)(II).

19.     Additionally, if the agency faces "unusual circumstances," the agency may extend the twenty-business-day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). No extension, however, should exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and provides the requester with "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

20.     Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from

the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." *Id.* § 552(a)(6)(B)(iii).

21.     Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty-day statutory deadline. *Id.* § 552(a)(6)(A)(i).

22.     Agencies must make a reasonable effort to maintain and search for records so all responsive records can be identified and reproduced. *Id.* § 552(a)(3)(B)–(D).

23.     In certain limited instances, an agency may withhold responsive records pursuant to nine specific statutory exemptions. *Id*. § 552(b). This court has held that these exemptions "must be narrowly construed" given FOIA's primary objective of transparency and disclosure of information, not secrecy. *Election Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015); *see Leopold v. United States DOJ*, 94 F.4th 33, 37 (D.C. Cir. 2024). An agency bears the burden of proof if it claims any exemption applies to withhold responsive documents. *Id*. §552(a)(4)(B). Even where records may be exempt from disclosure, FOIA expressly requires agencies to disclose reasonably segregable portions of those records. *Id*. § 552(b).

24.     When an agency responds to a request before the requester has filed suit, the requester must administratively appeal a denial and allow the agency at least twenty working

days to adjudicate that appeal. *Id*. § 552(a)(6)(A)(ii); *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 63 (D.C. Cir. 1990).

25.     FOIA grants this Court jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## STATEMENT OF FACTS

26.     On February 26, 2026, the Center submitted a FOIA request to USDA requesting records "from USDA's Office of the Secretary that include the following search strings: "Defense Production Act + elemental phosphorus," or "Defense Production Act + glyphosate."

27.     USDA has not yet released any records in response to this request, nor has the agency provided an estimated date by which it expects to begin releasing records. The communications regarding this request, as well as contextual information about the records that are the subject of the request, are summarized below.

28.     On February 18, 2026, President Trump signed Executive Order 14387, *Promoting the National Defense by Ensuring an Adequate Supply of Elemental Phosphorus and Glyphosate-Based Herbicides*, which announced that in "the President's judgment . . . domestic production of elemental phosphorus and glyphosate-based herbicides is critical to the national defense." 91 Fed. Reg. 8,703. It delegated to the Secretary of Agriculture the President's "authority . . . to require performance of contracts or orders . . . to promote the national defense over performance of any other contracts or orders, [and] to allocate materials, services, and facilities as deemed necessary or appropriate to promote the national defense . . . [by] ensuring a continued and adequate supply of elemental phosphorus and glyphosate-based herbicides." *Id.*

29.     On February 26, 2026, the Center submitted, *via* USDA's online portal, a FOIA request to USDA for records from December 18, 2025 to February 18, 2026: the records, *including emails, calendars, memoranda, and* briefing *materials*, from USDA's Office of the Secretary that include the following search strings: "Defense Production Act + elemental phosphorus," or "Defense Production Act + glyphosate."

30.     On February 26, 2026, USDA issued an acknowledgement email that notified the Center that its "FOIA request was received by the USDA FOIA Service Center and will be assigned for processing." USDA directed the Center "refer to FOIA tracking number 2026-DA-03106-F in all communications regarding this request."

31.     On March 2, 2026, a FOIA analyst at USDA sent a further email acknowledging that FOIA requires the agency to "make a determination . . . within 20-business days from its date of receipt." USDA stated that "[d]ue to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request."  USDA further stated that the time limit "may be extended by 10 business days" for "unusual circumstances" such as when a request "seeks numerous records that will necessitate a wide-ranging search."

32.     Pursuant to FOIA's mandatory statutory deadlines, USDA was required to make a determination on the Center's FOIA request within 20 working days, i.e. by March 26, 2026. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

33.     On June 2, 2026, 67 workdays after the submission of its request, the Center contacted the FOIA Office at USDA asking "[w]hat is the status of 2026-DA-03106-F please?"

34.     On June 3, 2026, an analyst on USDA's FOIA Team responded to the Center's inquiry that "I have completed my review of the records, and there is a response to your request currently pending second-level review."

35.    During the 79 business days that have passed since the Center submitted its request, USDA has failed to provide an estimated date of completion or any records. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

36.    As of the date of filing, USDA has not requested additional information from the Center about its FOIA request, *see* 5 U.S.C. § 522(a)(6)(A), 5 C.F.R. § 1303.40(a), nor has it notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination, 5 U.S.C. § 522(a)(6)(B); 5 C.F.R. § 1303.40(c).

37.    USDA's failure to make a timely determination and "promptly" provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government and violates statutory mandates.

## PRAYER FOR RELIEF

## FIRST CLAIM FOR RELIEF

**1. USDA has Failed to Comply with FOIA's Mandatory Determination Deadline.**

38.    The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

39.    The Center properly requested records within the control of USDA through its request on February 26.

40.    The Center has a statutory right to a lawful final determination from USDA on the Center's February 26 request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

41.    In order to make a lawful "determination" on each request, USDA must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

42.     The deadline for USDA to provide a determination on the Center's request has lapsed because more than twenty working days have passed since USDA received the Center's request and USDA has not claimed the extension of ten working days for the request.

43.     USDA's failure to provide a lawful determination on the Center's request by FOIA's mandatory deadline violates the Center's right to a determination.

44.     USDA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold a determination in response to the Center's request.

45.     The Center has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

46.     The Center's organizational activities will be adversely affected if USDA continues violating FOIA's requirement to provide a determination on this request.

47.     Based on the nature of the Center's organizational activities, it will continue to employ FOIA's provisions in records requests to USDA in the foreseeable future.

48.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's right to receive a determination in response to the Center's request for records under FOIA.

## **SECOND CLAIM FOR RELIEF**

**2. USDA has Failed to Conduct Adequate Searches for Responsive Records,**

49.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

50.     The Center has a statutory right to have USDA process the Center's February 26, 2026, FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

51. USDA violated the Center's rights in this regard because USDA has unlawfully failed to conduct an adequate search reasonably calculated to locate all records responsive to the Center's FOIA request. *Id.*

52. USDA has no lawful basis under FOIA for its failure to conduct an adequate search for records responsive to the Center's February 26 records request.

53. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's rights under FOIA to an adequate search for records responsive to the Center's February 26 records request.

## THIRD CLAIM FOR RELIEF

**3. USDA has Failed to Promptly Disclose all Responsive Records.**

54. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

55. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

56. USDA has violated the Center's rights in this regard by withholding records that are responsive to the Center's February 26 FOIA request.

57. USDA has provided no lawful basis to withhold the requested records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the requested records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

58. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's right to promptly receive all records responsive to its FOIA request.

11

**PRAYER FOR RELIEF**

WHEREFORE, the Center respectfully requests that this Court:

(A)    Declare that the Defendant violated FOIA by failing to provide a lawful determination within twenty workings days on the Center's February 26, 2026, FOIA request (Reference Number 2026-DA-03106-F), by failing to conduct an adequate search for records responsive to this request, and by failing to promptly disclose all records responsive to this request;

(B)    Order the Defendant to immediately make a determination on the Center's February 26, 2026, FOIA request (Reference Number 2026-DA-03106-F);

(C)    Order the Defendant to search for any and all responsive records to the Center's February 26, 2026, FOIA request (Reference Number 2026-DA-03106-F), using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(D)    Order the Defendant to promptly produce, by a date certain, all nonexempt responsive records or segregable portions of the requested records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(E)    Enjoin the Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the requested records;

(F)    Retain jurisdiction over this action to ensure the appropriate processing of the Center's FOIA request and to ensure that no agency records or portions of the requested records are improperly withheld;

12

(G)   Award the Center its attorneys' costs and reasonable attorney fees pursuant to 5

U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(H)   Grant such other and further relief as the Court may deem just and proper.

DATED: June 22, 2026

Respectfully submitted,

*/s/ Benjamin Rankin*
BENJAMIN RANKIN (D.D.C. Bar No. CA00215)
Center for Biological Diversity
1411 K St. NW Ste. 1300
Washington, D.C. 20005
Tel: (202) 849-8402
Email: brankin@biologicaldiversity.org

/s/ *Ivan Ditmars*
IVAN DITMARS (D.D.C. Bar No. CA00243)
Center for Biological Diversity
2100 Franklin St., Suite 375
Oakland, CA 94612
Tel: (510) 844-7158
Email: iditmars@biologicaldiversity.org

*Attorneys for Plaintiff*